PEOPLE *v.* FOX.

1. Information—Escape—Variance—Amendment—Statute.

Where an information, under section 11315, 3 Comp. Laws, charges respondent with conveying into the jail a weapon adapted to aid in the escape of a prisoner confined on a charge of burglary, and it appears that the prisoner was confined on a charge of statutory breaking and entering, the variance is a technical one which may be cured under the statute of amendments, section 11922, 3 Comp. Laws.

2. Escape — Prosecution — Evidence — Matters Subsequent to Offense.

On a prosecution for conveying into jail a weapon adapted to aid a prisoner to escape, the files and proceedings in the prosecution of the person alleged to have furnished the weapon, and in the prosecution of the prisoner for attempted murder in the effort to escape, are not admissible against respondent, such proceedings occurring long after his offense was complete, and he not being a party to them.

3. Criminal Law—Instructions.

A request to charge, assuming that a witness has changed his testimony from that given on a previous trial, without giving a reason for it, is properly refused, where, in fact, he did give a reason.

Exceptions before judgment from Ottawa; Padgham, J. Submitted November 16, 1905. (Docket No. 245.) Decided December 30, 1905.

John Fox was convicted of carrying into a jail a weapon adapted to aid a prisoner in escaping.    Reversed.

*Smedley & Corwin* (*Diekema & Kollen*, of counsel), for appellant.

*John E. Bird*, Attorney General, and *George A. Farr*, Acting Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of the offense of conveying into a jail a weapon adapted to aid a prisoner in escaping, in violation of section 11315, 3 Comp. Laws.   The information charged that the prisoner named was confined in the county jail upon a charge of burglary.   This was not tehnically accurate, as the prisoner in question was awaiting trial for feloniously breaking and entering a blacksmith shop in the night-time with intent to commit larceny.   It is claimed that the variance was fatal.   The word "burglary" has been frequently used by the courts to designate such a statutory breaking.   And it is argued with some plausibility that, as the gist of the offense is the furnishing of the means of escape to a prisoner, the information is sufficient which sets out the gist of the offense in detail, and designates the offense for which the prisoner it held by a term commonly applied to it, and that such designation could not mislead the accused.   Without deciding that this variance is entirely immaterial, and withholding our decision on that point, we are agreed that the technical variance can be avoided by an amendment of the information under section 11922, 3 Comp. Laws, and as the case must be reversed on other grounds we find it unnecessary to decide this doubtful question.

The theory of the prosecution was that one Wierda had procured a revolver at respondent's request, which was by him turned over to the prisoner Harris.   On the first trial of the present case Wierda gave testimony favorable to respondent.   On the second trial he testified to the facts as claimed by the prosecution.   He had in the meantime

pleaded guilty to the charge of furnishing this weapon with intent to aid in Harris' escape. The files and proceedings in the prosecution against him, and also the files and proceedings in a prosecution against Harris for attempted murder while in an effort to escape, were received against respondent's objection. We know of no rule which will justify these rulings. The proceedings were taken after the offense charged against respondent was complete if one was committed. Respondent was no party to the proceedings, and could not be bound by them.

The defendant's request to charge was properly refused, for the reason that it assumed that the witness Wierda had changed his testimony without giving any reason, when, in fact, he did give a reason. The charge was fair, and not subject to the criticism made.

For the error pointed out, the conviction is reversed, and a new trial ordered.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.